[No. 8109.]

## HAGADORN INVESTMENT COMPANY V. SINN.

The case ruled by the opinion in *Hagadorn Company v. Rieke*, No. 8274, 60 Colo. 555.

*Error to Conejos District Court.* Hon. CHARLES C. HOLBROOK, Judge.

Mr. ROY E. DICKERSON, Mr. JOHN R. SMITH, for plaintiff in error.

Messrs. BARNETT & CAMPBELL, Mr. N. M. CAMPBELL, for defendant in error.

BAILEY, J., delivered the opinion of the court.

On July 6th, 1910, the defendant in error, Ben R. Sinn, brought suit in the District Court of Conejos County, against plaintiff in error, The Hagadorn Investment Company, to rescind, for fraud, misrepresentation and deceit in its procurement, a contract of sale of a quarter section of land, together with water shares therefor, in the San Luis Valley. The contract price was $55 an acre, a total of $8,800, of which he paid $1,300 in cash, executed promissory notes for $4,000 secured by mortgage on the land, and also conveyed to the Company, as a further partial payment in the sum of $3,500, eighty acres of land in Clark County, Iowa. The case was tried to the court without a jury, resulting in findings, judgment and decree in favor of Sinn, which the Company brings here on error for review.

The determination of this case is governed by the decision in *Hagadorn Investment Company vs. Henry J. Rieke*, decided this term. The controlling facts concerning the general scheme of fraud, misrepresentation and deceit practiced by the Hagadorn Company in procuring the contracts of sale are substantially the same in both cases, and the findings of the trial court are essentially alike. However, the judgment should be modified. It reads as follows:

"It is Therefore Ordered, Adjudged and Decreed:

First.—That the contract of sale, between plaintiff and defendant, and all deeds or conveyances and notes executed and delivered in pursuance thereof, be rescinded, cancelled, annulled and held for naught, and that the amount of the purchase price paid by plaintiff to defendant be returned to plaintiff, in the amount of $8,800.

Second.—That if the notes given by plaintiff to defendant as a part of the purchase price of the land sold by defendant to plaintiff and the mortgage given as security for the payment of said notes, be not returned into court and cancelled by defendant, or if defendant has sold, transferred or hypothecated or otherwise disposed of said notes and mortgage, plaintiff have judgment against the defendant for the amount due, or to become due on said notes, together with interest thereon, according to the tenor of said notes.

Third.—The plaintiff have and recover, as damages, against defendant, and for all damages, fees and expenses sustained by him by reason of said contract of sale and because of this suit to rescind the same, in the sum of $214.00 and for additional fees, expenses and damages sustained by him, hereafter to be found and taxed.

Fourth.—And for costs of this suit."

The second paragraph is modified to read as follows:

Second.—If the note or notes given by plaintiff to defendant as part purchase price of the land sold be forthwith returned into court for can-

cellation, then and·in such event the judgment shall be reduced by the amount of the obligations surrendered.

The judgment and decree, as modified, is affirmed.

GABBERT, C. J., and WHITE, J., concur.

Decided January 3, A. D. 1916. Rehearing denied March 6, A. D. 1916.

Mr. ROY E. DICKERSON, Mr. JOHN R. SMITH, for plaintiff in error.

Messrs. BARNETT & CAMPBELL, Mr. N. M. CAMPBELL, for defendant in error.